NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3049

REYNOLD RICHARD DESANTO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Reynold R. DeSanto, of Locust Grove, Virginia, pro se.

Stacey K. Grigsby, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-3049

REYNOLD RICHARD DESANTO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  March 5, 2010

_____

Before MICHEL, <u>Chief Judge</u>, RADER, <u>Circuit Judge</u>, and FOLSOM, <u>District Judge</u>.[*]

PER CURIAM.

Reynold Richard DeSanto ("Mr. DeSanto") appeals a decision of the Merit Systems Protection Board ("MSPB") affirming OPM's apportionment of his annuity to his two children pursuant to a qualifying court order.  For the reasons that follow, we <u>affirm</u> the decision of the MSPB.

## I.    BACKGROUND

Mr. DeSanto married Louise DeSanto ("Ms. DeSanto") on September 17, 1955. Mr. DeSanto retired from Federal service on June 3, 1986 and subsequently divorced Ms. DeSanto on November 16, 1987.  The court decree of divorce awarded Ms.

_____

[*]    The Honorable David Folsom, Chief Judge, United States District Court for the Eastern District of Texas, sitting by designation.

DeSanto 41 percent of Mr. DeSanto's monthly annuity and further stated that if Ms. DeSanto predeceased Mr. DeSanto, her portion of the annuity "shall be payable equally to her children, if living . . . TERESA MARIE DESANTO and KATHERINE LOUISE DESANTO [AMEN]."

OPM subsequently received the divorce decree and notified Mr. DeSanto that it would honor the order. Mr. DeSanto requested reconsideration because the calculation of Ms. DeSanto's share of the royalty appeared to exceed the amount specified in the court order. OPM then reduced the amount it would deduct from Mr. DeSanto's annuity. Mr. DeSanto did not otherwise challenge the validity of the divorce decree until after Ms. DeSanto's death.

After Ms. DeSanto died, Mr. DeSanto requested that OPM restore his annuity to the full amount, but OPM denied this request on January 9, 2009 because the divorce decree awarded Ms. DeSanto's share of the annuity to the DeSantos' two children should she predecease Mr. DeSanto. Mr. DeSanto requested reconsideration, but OPM affirmed its previous determination that the divorce decree required OPM to pay Ms. DeSanto's share of the annuity to their two living children.

Mr. DeSanto then appealed to the MSPB, which affirmed OPM's denial of reconsideration on July 24, 2009. Mr. DeSanto filed a petition for review with the full board, which was denied. The initial decision became final on October 5, 2009 and Mr. DeSanto timely appealed to this Court.

## II. DISCUSSION

Our scope of review in an appeal from a MSPB decision is limited. We must affirm a MSPB decision unless it is:

  (1)  arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

  (2)  obtained without procedures required by law, rule, or regulation having been followed; or

  (3)  unsupported by substantial evidence.

5 U.S.C. § 7703(c). The burden of establishing deficiencies in an administrative decision rests with the petitioner. Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986). Mr. DeSanto has failed to meet this burden.

OPM must make annuity payments otherwise payable to a retired Federal employee "to another person if and to the extent expressly provided for in the terms of . . . any court decree of divorce . . . or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce." 5 U.S.C. § 8345(j)(1). Moreover, OPM regulations expressly provide that "OPM will honor a qualifying court order . . . that directs OPM to pay, after the death of the former spouse, the former spouse's share of the employee annuity to . . . one or more of the retiree's children." 5 C.F.R. § 838.1012(b)(4).

The MSPB examined all of the relevant facts. The divorce decree directed OPM to pay 41 percent of Mr. DeSanto's annuity to Ms. DeSanto. The divorce decree further directed OPM to pay, after Ms. DeSanto's death, her portion of the annuity to the DeSantos' two children. Thus, the MSPB properly concluded that the decree was a "qualifying court order" that required OPM to pay 41 percent of Mr. DeSanto's annuity to the two children.

Mr. DeSanto argues that the MSPB erred by applying 5 C.F.R. § 838.1012 instead of an earlier version of the regulation, 5 C.F.R. § 831.1712, that was in effect at the time of his divorce. We disagree. 5 C.F.R. § 831.1712 was redesignated 5 C.F.R.

§ 838.1012 in 1992. See 57 Fed. Reg. 120, at 149-50 (Jan. 2, 1992); 57 Fed. Reg. 33570 (July 29, 1992). Moreover, the 1992 amendments expressly state that court orders affecting Civil Service retirement benefits, including 5 C.F.R. § 838.1012, apply retroactively. 5 C.F.R. § 838.101(c)(2) ("Subpart J [§§ 838.1002-838.1018] applies only to orders received by OPM before January 1, 1993."); 5 C.F.R. § 838.102(a)(6) ("Subpart J [§§ 838.1002-838.1018] . . . contains the rules applicable to court orders filed under procedures in effect prior to the implementation of this part. These rules continue to apply to court orders received by the OPM before January 1, 1993."). Thus, the Board properly applied 5 C.F.R. § 838.1012 to the DeSantos' divorce decree even though the regulation was promulgated after the decree was entered.

We also disagree with Mr. DeSanto's argument that OPM regulations only authorize payment to children under 18 years of age. 5 C.F.R. § 838.1012 expressly states that benefits may be apportioned to "[o]ne or more of the retiree's children as defined in section 8342(c) or section 8424(d) of title 5, United States Code." These sections both define "child" to "include[] a natural child and an adopted child, but [not] a stepchild."[1] 5 U.S.C. § 8342(c); 5 U.S.C. § 8424(d). Neither section limits "children" to minors under the age of 18. Mr. DeSanto refers to a different and inapplicable provision, 5 U.S.C. § 8345(j)(3)(c), which defines "child" as "an individual under 18 years of age" but expressly states that the definition applies only to that subsection. The use of "child" in that subsection is in the distinguishable context of judgments against individuals for "physically, sexually, or emotionally abusing a child." See 5 U.S.C. § 8345(j)(3)(c).

---

[1] Mr. DeSanto does not dispute that Teresa Marie DeSanto and Katherine Louise DeSanto Amen are his and Ms. DeSanto's natural children.

We have considered Mr. DeSanto's remaining arguments, but find them unpersuasive. We therefore affirm the MSPB's decision apportioning Mr. DeSanto's annuity to his two children pursuant to a qualifying court order.

## COSTS

No costs.